# Exhibit A



MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS    LTR**                    **1 OF 1**

SHIP TO:
   JOSEPH P. DALTON
   2125091336
   MICHAEL STAPLETON ASSOCIATES, LTD
   9 MURRAY ST FL 2
   **NEW YORK  NY 10007**

# NY 102 9-10

# UPS NEXT DAY AIR                    **1**
TRACKING #: 1Z 039 9EX 01 1887 1358

BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/531802284/Mara Velasco

XOL 17.08.07          NV45 90.0A 07/2017

**CT Packing Slip**                                CT Corporation

| | |
|---|---|
| UPS Tracking # : | 1Z0399EX0118871358 |
| Created By : | Nikita Kashyap |
| Created On : | 08/22/2017 06:23 PM |
| Recipient : | |

| Joseph P. Dalton | |
|---|---|
| Title : | Chief Compliance Officer |
| Customer : | Michael Stapleton Associates, LTD |
| Address : | 9 Murray St Fl 2 |
| Email : | joedalton@msasecurity.net |
| Phone : | 212-509-1336          Fax :   212-509-1372 |

| | |
|---|---|
| Package Type : | Envelope |
| Items shipped : | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 531802284 | 37201700029986CUOECTL | Michael Stapleton Associates, Ltd. |

 CT Corporation

**Service of Process
Transmittal**
08/22/2017
CT Log Number 531802284

**TO:**     Joseph P. Dalton, Chief Compliance Officer
Michael Stapleton Associates, LTD
9 Murray St Fl 2
New York, NY 10007-2258

**RE:**     **Process Served in Delaware**

**FOR:**    Michael Stapleton Associates, Ltd.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SOLIMAN EID, etc., Pltf. vs. MICHAEL STAPLETON ASSOCIATES, LTD., etc., Dft. // To: Michael Stapleton Associates, Ltd. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201700029986CUOECTL |
| **NATURE OF ACTION:** | Plaintiff prays that Wages and applicable statutory penalties (See documents for additional information) |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/22/2017 postmarked on 08/18/2017 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Corbett H. Williams<br>Law Offices of Corbett H. Williams<br>23276 South Pointe Drive, Suite 216<br>Laguna Hills, CA 92653<br>949.679.9909 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0118871358 |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / NK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Corbett H. Williams
Law Offices of Corbett H. Williams
23276 South Pointe Drive, Suite 216
Laguna Hills, CA 92653







7015 0640 0002 4410 1382

Michael Stapleton Associates, LTD.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>MICHAEL STAPLETON ASSOCIATES, LTD., dba MSA SECURITY,<br>a Delaware corporation; and DOES 1 through 10, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>SOLIMAN EID, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>2017 AUG 15 PM 03<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2017-00029986-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Corbett H. Williams, 23276 South Pointe Dr., Ste. 216, Laguna Hills, CA, 949-679-9909

| DATE:<br>*(Fecha)* | AUG 1 5 2017 | Clerk, by<br>*(Secretario)* | B. Schmelzel | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* MICHAEL STAPLETON ASSOCIATES, LTD.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Corbett H. Williams (Bar No. 246458)
   cwilliams@chwilliamslaw.com
2  **Law Offices of Corbett H. Williams**
   23276 South Pointe Drive, Suite 216
3  Laguna Hills, CA  92653
   Telephone:   949.679.9909
4  Facsimile:   949.535.1031

5  Attorney for Plaintiff
   SOLIMAN EID

6

7

8

9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF SAN DIEGO

12

13  SOLIMAN EID, an individual,          )   Case No.:
                                         )          37-2017-00029986-CU-OE-CTL
14                       Plaintiff,      )
                                         )   **COMPLAINT FOR:**
15         v.                            )
                                         )
16  MICHAEL STAPLETON                    )   1.  Violation of California Labor Code §§ 510,
    ASSOCIATES, LTD., dba MSA            )       1194, 1197 and 1197.1 and 1189 (Unpaid
17  SECURITY, a Delaware corporation; and)       Minimum, Straight and Overtime Wages);
    DOES 1 through 10, inclusive,        )   2.  Violation of California Labor Code § 2802
18                                       )       (Failure to Reimburse Necessary
                         Defendants.     )       Expenses);
19                                       )   3.  Violation of California Labor Code §
                                         )       226(a) (Non-Compliant Wage Statements);
20  ───────────────────────────────     )       and
                                         )   4.  Violation of California Business &
21                                       )       Professions Code §§ 17200, *et seq.*

22

23

24

25

26

27

28

Page 1

COMPLAINT

Plaintiff SOLIMAN EID alleges as follows against defendants, MICHAEL STAPLETON ASSOCIATES, LTD. and DOES 1 through 10, inclusive:

THE PARTIES

1.     Plaintiff SOLIMAN EID ("PLAINTIFF") is an individual residing in Irvine, California.

2.     Defendant MICHAEL STAPLETON ASSOCIATES, LTD. ("MSA") was and is, upon information and belief, a Delaware corporation with offices located in San Diego, California, which is engaged in the business of providing security services, including explosives detecting canines and handlers to clients throughout the United States.

3.     PLAINTIFF is unaware of the true names and capacities, whether corporate or individual, or otherwise, of defendants named as DOES 1 though 10, inclusive. Pursuant to California Code of Civil Procedure section 474, PLAINTIFF will seek leave of court to amend this Complaint to state said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes, and based on such information and belief, alleges that said fictitiously-named defendants are responsible in some manner for the injuries and damages to PLAINTIFF as further alleged herein.

4.     PLAINTIFF is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to MSA, and/or DOES 1 through 10, inclusive, (hereafter referred to collectively as "DEFENDANTS") each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policy of DEFENDANTS.

5.     PLAINTIFF is informed and believes, and on that basis alleges, that each defendant is the alter ego and joint employer, and is working in joint enterprise with, each and every other defendant. PLAINTIFF is further informed and believes, and on that basis alleges, that at all times relevant to this Complaint, each defendant was the agent or employee of each other defendant, and in the doing the acts alleged herein, was acting within the course and scope of such agency or

Law Offices of Corbett H. Williams

Page 2

1   employment, with the consent, provision, and authorization of each of the remaining defendants.

2   All actions of each defendant were ratified and approved by every other defendant.

3       6.    At all relevant times, DEFENDANTS, and each of them, ratified each and every act

4   or omission complained of herein. At all relevant times, DEFENDANTS, and each of them, aided

5   and abetted the acts and omissions of each and all the other Defendants in proximately causing the

6   damages herein alleged.

7       7.    PLAINTIFF is informed and believes, and thereon alleges, that each of said

8   DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the

9   acts, omissions, occurrences, and transactions alleged herein.

10   <u>JURISDICTION AND VENUE</u>

11       8.    Venue is proper under California Code of Civil Procedures Section 395, because

12   one or more of DEFENDANTS is located in San Diego County, California. The amount in

13   controversy exceeds this Court's jurisdictional minimum.

14   <u>FACTUAL ALLEGATIONS</u>

15       9.    PLAINTIFF is a police officer who is employed by DEFENDANTS as an

16   explosives detecting canine handler. PLAINTIFF, like all other canine handlers employed by

17   DEFENDANTS, is a non-exempt hourly employee subject to the overtime laws and regulations of

18   the State of California.

19       10.    Soon after PLAINTIFF began his employment, DEFENDANTS assigned

20   PLAINTIFF an explosives detecting canine that PLAINTIFF would remain responsible for

21   throughout his employment. DEFENDANTS require that all explosives detecting canines live

22   with their assigned handlers and that each handler, including PLAINTIFF, provide all necessary

23   care and provisions for the animal, including, without limitation, shelter, food, companionship,

24   exercise, grooming and training. Other necessary costs include cleaning and maintenance of the

25   handler's residence, interior vehicle cleaning and the purchase of various equipment and supplies,

26   including leashes, collars, crates, dog beds, paper towels, grooming supplies and cleaning

27   supplies, among other items.

28

Law Offices of Corbett H. Williams

Page 3

COMPLAINT

12

11. Although DEFENDANTS pay handlers, including PLAINTIFF, a "canine stipend / reimbursement" amount of $400.00 per month, that amount is rarely, if ever, sufficient to cover the necessary expenses PLAINTIFF and other handlers incur in caring for their assigned canines on a monthly basis.

12. PLAINTIFF, like other canine handlers employed by DEFENDANTS, is required to spend substantial uncompensated time working "off the clock" caring for his assigned canine. Although PLAINTIFF is an hourly, non-exempt employee, DEFENDANTS only compensate PLAINTIFF and thier other explosives detecting canine handlers for time worked after they arrive at a specific site where explosives detecting activities are to be performed. All other time worked, including time spent feeding, caring for, exercising, grooming and training animals is uncompensated, as is time spent procuring necessary supplies and equipment required for their care.

13. Also uncompensated is time worked by PLAINTIFF and the other handlers while traveling to and from sites where explosives activities are to be performed. Such travel time is "time worked" under the applicable wage order(s) and California labor laws because DEFENDANTS' canines require the handler's time and attention while traveling to and from specific sites. The handlers' responsibilities toward their canines are not diminished while in a vehicle being transported to or from worksites. Canines are not transported in crates and handlers must remain attentive to their assigned canine's needs and well-being during transport, and canines may require water, need to be walked or have other requirements during transport.

14. PLAINTIFF and DEFENDANTS' other canine handlers are also uncompensated for time worked in caring for uniforms they are required to wear while conducing explosives detecting activities.

15. As a result of DEFENDANTS' policy of not compensating PLAINTIFF for time worked other than time spent at particular sites conducting explosives detecting activities, PLAINTIFF and other handlers were deprived of minimum, straight and overtime wages earned during their employment.

Page 4

COMPLAINT

13

16.     In addition to failing to compensate for all time worked, DEFENDANTS also failed to maintain expense reimbursement policies sufficient to reimburse PLAINTIFF and the other canine handlers for necessary expenses incurred as a direct consequence of the discharge of their duties. Such expenses include the costs of caring for and provisioning the animals in excess of $400.00 per month.

17.     Such expenses also include the provision of a personal vehicle with which to transport explosives detecting canines to and from to sites where explosives detecting activities are to be performed, including, but not limited to, the cost of fuel, insurance, registration, maintenance and vehicle depreciation. PLAINTIFF and the other handlers are also required to furnish personal cellular telephones or "smart phones" for work purposes, which DEFENDANTS regularly use to communicate with PLAINTIFF. DEFENDANTS do not reimburse handlers for the cost of cellular telephones, including the cost of providing voice and data service.

18.     Further, although handlers are required to wear a uniform while conducting explosives-detecting activities, handlers, including PLAINTIFF, are not reimbursed for the cost of caring for those uniforms. Nor do DEFENDANTS compensate handlers, including PLAINTIFF, for time worked laundering or otherwise caring for uniforms. PLAINTIFF and the other handlers are also required to purchase boots, an integral part of the uniform DEFENDANTS require, without reimbursement.

19.     On August 2, 2017, PLAINTIFF gave written notice through his counsel pursuant to the Private Attorneys General Act, Labor Code Sections 2698, *et seq.* ("PAGA") of MSA's violations of various provisions of the California Labor Code to the Labor and Workforce Development Agency ("LWDA"). That Notice asked the LWDA to investigate MSA's failure to comply with various provisions of the California Labor Code including, without limitation, California Labor Code Sections 2802, 510, 1194, 558, 1194, 1197, 1197.1, 1194, 1199, 226.7, 226.7(b), and 512, together with the applicable Wage Order(s).

20.     Such notice was also sent via registered U.S. Mail to MSA's registered agent for service of process on file with the California Secretary of State. On that same day, PLAINTIFF,

Page 5

Law Offices of Corbett H. Williams

1  | through his counsel, tendered the filing fee to the LWDA as required by Labor Code Section
2  | 2699.3.
3  | 21.    If, within 60 days of the date of the written notice to the LWDA, the LWDA
4  | responds indicating that it does not intend to investigate MSA's violations of the Labor Code, or if
5  | the LWDA fails to respond within 65 days of that date, PLAINTIFF intends to amend this
6  | Complaint to state a cause of action for civil penalties under the PAGA as provided by Labor
7  | Code Section 2699.3(a)(2)(C).

### FIRST CAUSE OF ACTION

#### (FAILURE TO PAY MINIMUM, STRAIGHT AND OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510, 1194, 1197 and 1197.1 and 1189)

(By PLAINTIFF Against DEFENDANTS and Does 1 through 10, inclusive)

22.    PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

23.    DEFENDANTS regularly and systematically required PLAINTIFF to work hours in excess of 8 hours per day and 40 hours per week without compensation. Such time includes, but is not necessarily limited to, time worked: (1) transporting DEFENDANTS' explosives detecting canine to and from sites were security work was to be performed; (2) feeding, exercising, training and otherwise caring for DEFENDANTS' explosives detecting canine and (3) laundering or otherwise caring for the uniform DEFENDANTS required PLAINTIFF to wear.

24.    As a result, and pursuant to Labor Code Section 1194.2, PLAINTIFF is entitled to liquidated damages in an amount equal to the minimum wages unlawfully unpaid. PLAINTIFF is also entitled to recover the full amount of his unpaid straight and overtime wages, together with interest thereon and reasonable attorneys' fees and costs of suit as provided by Labor Code Sections 218.5 and 218.6 and other provisions of the Labor Code as might apply.

////
////
////

Page 6

Law Offices of Corbett H. Williams

COMPLAINT

15

## SECOND CAUSE OF ACTION

### (FAILURE TO REIMBURSE NECESSARY EXPENSES IN VIOLATION OF LABOR CODE § 2802)

25.    PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

26.    Throughout his employment, DEFENDANTS required PLAINTIFF to use his personal vehicle and personal cellular telephone or "smart phone" for work purposes. DEFENDANTS also required PLAINTIFF to shelter and care for an explosives detecting canine and required PLAINTIFF to furnish and care for a uniform. DEFENDANTS failed to reimburse or to adequately reimburse PLAINTIFF for such expenses.

27.    DEFENDANTS have violated California Labor Code Section 2802, and as a result, PLAINTIFF is entitled to recover all necessary and unreimbursed expenses she incurred during the course of his employment, together with attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### (FAILURE TO FURNISH WAGE STATEMENTS CONSISTENT WITH THE REQUIREMENTS OF LABOR CODE § 226)

### (By PLAINTIFF Against DEFENDANTS and Does 1 through 10, inclusive)

28.    PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

29.    Section 226(a) of the California Labor Code requires DEFENDANTS to furnish itemized wage statements at the time of payment of wages showing, without limitation: gross wages earned; the correct total hours worked by the employee; the correct net wages earned; the inclusive dates of the period for which the employee is paid; the correct name and address of the legal entity that is the employer; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

30.    DEFENDANTS violated Labor Code Section 226(a) by failing to furnish PLAINTIFF wage statements consistent with the requirements thereof. In particular, the wage

Page 7

Law Offices of Corbett H. Williams

1   statements DEFENDANTS furnished failed to accurately show, among other things: (1) the total

2   hours worked by PLAINTIFF, (2) all applicable hourly rates in effect during the pay period and

3   the corresponding number of hours worked at each hourly rate, (3) gross wages and (4) net wages.

4         31.   PLAINTIFF has been injured by DEFENDANTS' failure to provide all of the

5   requisite information on the wage statements furnished to him in that such failure, *inter alia*, (1)

6   masks possible and actual underpayments to PLAINTIFF and, (2) makes it impossible for

7   PLAINTIFF to verify she has in fact been paid the proper amounts owing. Further, by operation of

8   law, PLAINTIFF is deemed to have suffered injury for purposes of Labor Code Section 226 as

9   provided by subsection (a)(2)(A).

10         32.   Pursuant to Labor Code 226(e)(1), PLAINTIFF is entitled to recover statutory

11   penalties and reasonable attorneys' fees.

12   FOURTH CAUSE OF ACTION

13   (UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION

14   OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*)

15   (By PLAINTIFF Against DEFENDANTS and Does 1 through 10, inclusive)

16         33.   PLAINTIFF hereby re-alleges and incorporates all preceding paragraphs as though

17   fully set forth herein.

18         34.   The unlawful conduct alleged herein, including, but not limited to,

19   DEFENDANTS': (i) failure to pay straight, minimum and overtime wages in violation of Labor

20   Code Sections 510, 1194, 1197 and 1197.1 and 1189; (ii) failure to reimburse necessary expenses

21   in violation of Labor Code Section 2802 and (iii) failure to furnish statutorily complaint wage

22   statements in violation of Labor Code Section 226 constitute unlawful activity prohibited by

23   Business and Professions Code section 17200, *et seq.*, including but not limited to, Sections

24   17200, 17202, and 17203.

25         35.   DEFENDANTS' actions herein alleged likewise constitute unfair, fraudulent

26   and/or deceptive business practices within the meaning of Business and Professions Code section

27   17200, *et seq.*

28

Page 8

COMPLAINT

Law Offices of Corbett H. Williams

**17**

36.    DEFENDANTS have deprived PLAINTIFF of money and/or property and PLAINTIFF has suffered injury in fact as the direct and proximate consequence of the unlawful, unfair and fraudulent conduct alleged herein.

37.    Pursuant to section 17203 of the California Business and Professions Code, PLAINTIFF seeks an order of this Court enjoining DEFENDANTS from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in this Complaint. PLAINTIFF also seeks an order requiring DEFENDANTS to make full restitution of all moneys wrongfully withheld from PLAINTIFF.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFF, prays for relief and judgment as follows:

1.    Wages and applicable statutory penalties;

2.    Pre-judgment and post-judgment interest;

3.    Attorneys' fees and costs reasonably incurred;

4.    Punitive and/or exemplary damage, if allowed;

5.    Equitable relief, if allowed;

6.    An order enjoining Defendants from continuing the unlawful conduct described herein;

7.    An award of reasonable attorneys' fees and costs pursuant to California Labor Code Section 218.5 and/or other applicable law; and

8.    All such other remedies, legal or equitable as the Court may deem proper or necessary.

Dated: August 14, 2017                    Law Offices of Corbett H. Williams

By: _____
Corbett H. Williams
Attorney for Plaintiff
SOLIMAN EID

Law Offices of Corbett H. Williams

Page 9

COMPLAINT

18

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Law Offices of Corbett H. Williams<br>Corbett H. Williams (SBN 246458)<br>23276 South Pointe Dr., Ste. 216<br>Laguna Hills, California 92653<br>TELEPHONE NO.: 949-679-9909   FAX NO.: 949-535-1031<br>ATTORNEY FOR (Name): Soliman Eid | ⬩RESS OF FILE⬩<br>CENTRAL DIVISION<br><br>2017 AUG 15   BM ⬩⬩ ⬩⬩<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Eid v. Michael Stapleton Associates, Ltd.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2017-00029986-CU-OE-CTL |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of Judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Four
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 14, 2017

Corbett H. Williams
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

20

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:     330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7086

PLAINTIFF(S) / PETITIONER(S):      Soliman Eid

DEFENDANT(S) / RESPONDENT(S):  Michael Stapleton Associates LTD

SOLIMAN EID VS MICHAEL STAPLETON ASSOCIATES LTD [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00029986-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Joan M. Lewis                              Department: C-65

**COMPLAINT/PETITION FILED:** 08/15/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/02/2018 | 10:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

SDSC CIV-721 (Rev. 01-17)                                                                    Page: 1
**NOTICE OF CASE ASSIGNMENT**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00029986-CU-OE-CTL      CASE TITLE: Soliman Eid vs Michael Stapleton Associates LTD [IMAGED]

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More Information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
   - In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
   - In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:         330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:           Central | |
| PLAINTIFF(S):    Soliman Eid | |
| DEFENDANT(S):  Michael Stapleton Associates LTD DBA MSA Security | |
| SHORT TITLE:    SOLIMAN EID VS MICHAEL STAPLETON ASSOCIATES LTD [IMAGED] | |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00029986-CU-OE-CTL |
|---|---|

Judge: Joan M. Lewis                                                                      Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                                    ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                        ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                        Date: _____

Name of Plaintiff                                                              Name of Defendant

Signature                                                                        Signature

Name of Plaintiff's Attorney                                            Name of Defendant's Attorney

Signature                                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 08/15/2017                                                        JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|