Exhibit E

HILL, FARRER & BURRILL LLP
James A. Bowles (Bar No. 089383)
Elissa L. Gysi (Bar No. 281338)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840

Attorneys for Defendant
MICHAEL STAPLETON ASSOCIATES, LTD. dba
MSA SECURITY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SOLIMAN EID, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD., dba MSA SECURITY, a Delaware corporation; and DOES 1 through 10, inclusive<br><br>Defendants | CASE NO. 37-2017-00029986-CU-OE-CTL<br><br>**DEFENDANT MSA SECURITY'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: August 15, 2017 |

COMES NOW Defendant MICHAEL STAPLETON ASSOCIATES, LTD., dba MSA SECURITY ("Defendant"), for itself and for no other defendants, and in Answer to Plaintiff's unverified First Amended Complaint ("FAC") alleges as follows:

Pursuant to §431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's FAC, and denies that Plaintiff and the putative class members sustained damages by reason of any act, breach or omission of Defendant.

Furthermore, as to each cause of action alleged in the FAC, Defendant alleges the following affirmative defenses, however, Defendant has not had a reasonable opportunity to investigate all of the claims and allegations set forth in the FAC, and Defendant therefore reserves

the right to waive any affirmative defense asserted in this Answer or to assert any additional and applicable affirmative defense as the facts become known:

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The FAC is barred by the doctrines of laches and acquiescence.

### THIRD AFFIRMATIVE DEFENSE

The FAC is barred in whole or in part by the equitable principle of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The FAC is barred by the conduct, actions, and inactions of Plaintiff and the putative class members, which constitute an estoppel against any relief sought herein.

### FIFTH AFFIRMATIVE DEFENSE

The FAC is barred by Plaintiff and the putative class members' own conduct, actions, and inactions, which constitute a waiver of any right or claim Plaintiff and the putative class members may or might have had in reference to the matters and things alleged in the FAC.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members have failed to take reasonable and necessary steps to mitigate their damages, if any they have.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff and the putative class members were the sole and proximate result of Plaintiff and the putative class members' willful breach of duty in the course of their employment, and/or their neglect of their duty or continued incapacity to perform it, and/or other breaches of their obligations as employees under the California Labor Code, and Defendant is therefore exonerated from any liability to Plaintiff and the putative class members.

- 2 -

ANSWER TO FIRST AMENDED COMPLAINT

80

## EIGHTH AFFIRMATIVE DEFENSE

The FAC is barred by the applicable statutes of limitation, including but not limited to Code of Civ. Proc. §§335.1, 338(a), 338(d), 339(1), 339(3), 340(a) and 343, and Labor Code § 203.

## NINTH AFFIRMATIVE DEFENSE

The FAC is barred, because any and all conduct of which Plaintiff and the putative class members complains and which is attributed to Defendant, was a just and proper exercise of management discretion undertaken for fair and honest reasons and regulated by good faith under the circumstances then existing.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff and the putative class members were subjected to any of the wrongful conduct alleged in the FAC, which Defendant denies, Defendant responded to all matters brought to its attention and took all appropriate steps to correct and prevent such conduct as required by law.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff and the putative class members were subjected to any of the wrongful conduct alleged in the FAC, which Defendant denies, Plaintiff and the putative class members failed to timely advise Defendant or otherwise place Defendant on notice of said conduct.

## TWELFTH AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support an award of statutory damages and/or attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

The FAC is barred and Plaintiff and the putative class members should be denied any relief whatsoever, to the extent they failed to advise Defendant of any errors in the time records or wage statements, of any missed meal or rest periods, or of any unreimbursed expenses or costs.

## FOURTEENTH AFFIRMATIVE DEFENSE

The FAC, and claims for relief, including without limitation, claims for wages, damages, restitution, penalties and attorneys' fees, are barred and should be denied, because Defendant acted at all times in good faith and in a reasonable manner in attempting to comply with California and Federal wage and hour laws, and any amounts not promptly paid were subject to a good faith dispute.

## FIFTEENTH AFFIRMATIVE DEFENSE

The FAC is barred by the *De Minimis* Doctrine and Plaintiff and the putative class members should be denied any relief whatsoever, because any wages which were not paid to Plaintiff and the putative class members for hours worked or overtime were *de minimis*.

## SIXTEENTH AFFIRMATIVE DEFENSE

The FAC is barred as to certain of the putative aggrieved employees by the doctrine of accord and satisfaction/settlement and release, and/or the effect of applicable settlements and release agreements with Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support an award against Defendant of any statutory or civil penalty provided for by applicable Labor Code Sections or other California statutes. Defendant's conduct was not a willful violation of any wage order or labor law, thus permanent injunctive relief is not allowed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The FAC and each purported cause of action are barred as to certain of the putative class members by the doctrine of accord and satisfaction/settlement and release, and the effect of applicable settlements and release agreements with Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support any restitution of any specific amount of money to Plaintiff or any person on whose behalf Plaintiff claims to act as a representative. Defendant's conduct was not a willful violation of any wage order or labor law, and the overtime requirements of California's Labor Code and IWC Wage Orders specify only a method of compensation and computation, not a specific amount or rate of wages, whether straight time or overtime, and do not create a right to be paid any particular amount of money. Thus, even if the method of computation and compensation used by Defendant could be shown to technically violate those overtime requirements, restitution would nonetheless be barred, because Defendant could not be shown to have unlawfully retained or withheld any amount of money or wages that was earned by or owed to Plaintiff or the putative aggrieved employees. Defendant has paid Plaintiff and the putative aggrieved employees all wages lawfully due for all work performed.

## TWENTIETH AFFIRMATIVE DEFENSE

The FAC, and each cause of action therein, are barred as to certain putative class members who have signed employment arbitration agreements, which require final and binding arbitration of the instant claims. These putative class members are required to submit disputes arising out of their employment to final and binding arbitration in accordance with their signed arbitration agreements. As a result, the Court has no jurisdiction to decide certain putative class members' claims, and this action must be stayed or dismissed pending completion of the arbitration proceedings required by those arbitration agreements. This answering Defendant does not waive the right to compel arbitration and will file a motion to compel arbitration as soon as the issue of class certification is resolved.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support Plaintiffs' claims that proceeding on a representative basis under PAGA is superior to other available legal, administrative or arbitration proceedings. Class or representative litigation would be unmanageable and violate Defendant's due process rights because of the multitude of individual factual issues involved. The cost of

class or representative litigation would be substantial compared to the almost nonexistent costs of Labor Commissioner administrative proceedings. The putative aggrieved employees can elect to proceed before the Labor Commissioner without hiring and paying for an attorney; even if the administrative decision is appealed for *de novo* trial to a Superior Court, the Labor Commissioner appoints an attorney to represent the employee at no charge to the employee. The Labor Code provides for a panoply of discovery methods similar to litigation in the court system, including subpoena of witnesses and documents, yet at far lower cost and far less burden to either party, and also provides for a wide range of available remedies, including each and every remedy under the Labor Code sought by the Plaintiffs' FAC. See Labor Code §§ 92-106. Each putative aggrieved employee could file an administrative claim and proceed before the local Labor Commissioner office in his or her area, rather than being forced to be subject to a PAGA claim in San Diego County, which would be miles away for the putative aggrieved employees. Alternatively, any putative aggrieved employees who wanted to proceed by civil action, would still remain able to initiate such a civil action in his or her local Superior Court with costs and procedures less than or the same as those involved in a class-type proceeding, yet with far less burden for purposes of traveling for discovery and trial, and with the ability to select his or her own counsel. Thus, individual arbitration, administrative claims and/or individual civil actions are superior to PAGA action proceedings for the putative aggrieved employees and the types of putative claims alleged by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support Plaintiff's claims that proceeding on a representative basis under PAGA on behalf of all of Defendant's canine handlers in California adequately protects the due process rights of the putative aggrieved employees. The PAGA procedures do not provide adequate safeguards to ensure that other putative aggrieved employees are provided notice of the proceedings, an opportunity to be heard or participate therein, or an opportunity to exclude themselves from the class of represented employees. Furthermore, there is no way to ensure that the interests of the other putative aggrieved employees are adequately

- 6 -

represented by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The FAC fails to state facts which would support Plaintiff's claim that this lawsuit is suitable for representation of other aggrieved employees. On the contrary, the claims, if any, of the other putative aggrieved employees, raise numerous individual issues which substantially predominate over and outweigh any common questions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff and the putative aggrieved employees Plaintiff seeks to represent by their conduct, statements and admissions are equitably estopped from asserting the claims against Defendant set forth by the FAC.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members failed to mitigate or avoid their claimed damages, if any, and are therefore barred from recovering damages by way of the FAC. Plaintiff and the putative class members failed to report any purported unpaid wages, missed rest periods or unreimbursed expenses to management.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff or the putative aggrieved employees Plaintiff seeks to represent because Defendant's business practices allegedly giving rise to the claims and causes of action set forth in the FAC were not unfair, unlawful or fraudulent, but were instead justified by the legitimate business needs of Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the Complaint and each cause of action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant has engaged the law firm of Hill, Farrer & Burrill, LLP to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable complaint, and Defendant is thereby entitled to an award of reasonable attorneys' fees pursuant to Government Code Section 12965 and Code of Civil Procedure Section 128.7 upon judgment thereon in their favor.

## PRAYER FOR RELIEF ON FAC

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's FAC and each cause of action therein be dismissed with prejudice;
2. That Plaintiff takes nothing by his FAC;
3. That Defendant be awarded its costs incurred herein, including its actual or reasonable attorneys' fees as provided by statute or contract; and
4. That the Court order such other and further relief for Defendant as the Court deems just and proper.

DATED: November 20, 2017

HILL, FARRER & BURRILL LLP

By: /s/ James A. Bowles
James A. Bowles
Attorneys for Defendant
MICHAEL STAPLETON ASSOCIATES, LTD., dba MSA SECURITY

HFB 1843692.1 M8892003

- 8 -

ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I, LaVenia Forté, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California 90071-3147. On December 4, 2017 I served the within documents:

**DEFENDANT MSA SECURITY'S ANSWER TO FIRST AMENDED COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by causing personal delivery by Delivery Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Delivery Service agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Corbett H. Williams                                     *Attorneys for Soliman Eid*
LAW OFFICES OF CORBETT H. WILLIAMS
23276 South Pointe Drive, Suite 216
Laguna Hills, CA 92653
cwilliams@chwilliamslaw.com
Phone: 949-679-9909

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 4, 2017 at Los Angeles, California.

/s/ LaVenia Forté
LaVenia Forté

HFB 1819843.1 M8892003

**Forte, LaVenia H.**

| | |
|---|---|
| **From:** | noreply@onelegal.com |
| **Sent:** | Monday, December 04, 2017 10:34 AM |
| **To:** | Forte, LaVenia H.; Bowles, James A. |
| **Subject:** | eFiling order submitted for Soliman Eid vs Michael Stapleton Associates LTD [IMAGED] : order #11562554 |

COPY

Dear LaVenia,

Your eFiling order # 11562554 has been submitted to the court.

## What happens next

- The clerk will review your eFiling and you'll receive an update when the review is complete.
- Please be aware that you may receive this notification after 24 hours, or, in some cases, a week after your eFiling was received, depending on the court's capacity. This may occur after a court eFiling deadline, but it does not mean there was an issue with your order.

## Summary of your eFiling order

For your records, please see the details of your order below:

- Case title: Soliman Eid vs Michael Stapleton Associates LTD [IMAGED]
- Court transaction #: 2421257


- Order type: eFiling
- Order #: 11562554
- Submitted: 12/4/2017 10:33 AM PT


- Jurisdiction: Superior Court of California, San Diego County
- Location: Central
- Case category: Civil - Unlimited
- Case type: Other employment
- Case #: 37-2017-00029986-CU-OE-CTL
- Lead document: Amended Answer

## Do you have 15 seconds to share your feedback?

Answer our two question, 15 second survey and we'll enter you into a raffle for a $25 Amazon gift card. Click here to share your views.

If you have questions, please check out our FAQs for answers, or email us at support@onelegal.com.

Thank you. We appreciate your business.

1

Sincerely,
One Legal

Subscribe to our blog for the latest news and best practices on legal support.
Click here for survey prize raffle terms and conditions.

# PROOF OF SERVICE

I, Josefina Perez, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, One California Plaza, 37th Floor, 300 South Grand Avenue, Los Angeles, California 90071-3147. On December 7, 2017, I served the within documents:

## NOTICE OF REMOVAL

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Corbett H. Williams                    *Attorneys for Soliman Eid*
LAW OFFICES OF CORBETT H. WILLIAMS
23276 South Pointe Drive, Suite 216
Laguna Hills, CA 92653
cwilliams@chwilliamslaw.com
*Phone: 949-679-9909*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 7, 2017, at Los Angeles, California.

_____
Josefina Perez