UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLIMAN EID,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD,<br><br>        Defendant. | Case No.: 3:17-cv-02456<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY** |

  Pending before the Court is Defendant Michael Stapleton Associates, LTD ("Defendant") motion to stay. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the foregoing reasons, the Court **GRANTS** Defendant's motion.

//

//

//

//

//

//

//

1

## I. BACKGROUND

Defendant is a corporation that provides private security services. Among the services offered by Defendant is bomb detection, a service that involves the use of dogs trained to alert to the scent of explosives. For each bomb sniffing dog, Defendant employs a handler. Handlers are responsible for handling, training, boarding, and feeding the dogs.

On August 2, 2017, a handler employed by Defendant filed an amended class and collective action complaint in the United States District Court for the Northern District of Texas. ("Blackmon Complaint" [Doc. 15-2 Ex. B].) The Blackmon Complaint alleges that Defendant and its Chief Executive Officer violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, Cal. Lab. Code §§ 226, 510, 1194, and 2698 ("PAGA"); New York Codes, Rules, and Regulations § 142-2.2, New York Lab. Law §§ 191, 193, 195(3), 198-c(2), and 663 by failing to pay all straight and overtime wages owed, failing to pay minimum wages, failing to provide itemized wage statements, and failing to reimburse expenses. (Id.) The central theory of the Blackmon Complaint is that Defendant did not pay its dog handlers wages for all hours spent caring for the dogs or full reimbursement for the expenses stemming therefrom. On January 30, 2018 the United States District Court for the Northern District of Texas granted the parties' joint motion to transfer the Blackmon case to the United States District Court for the Southern District of New York. (Fugazy Decl. [Doc. 15-2] ¶ 9.)

On July 18, 2017, ten other individuals employed by Defendant as dog handlers filed a nearly identical complaint in the United States District Court for the Southern District of New York against Defendant and its CEO. ("Barret Complaint" [Doc. 15-2 Ex. C].) On September 20, 2017, another plaintiff filed another nearly identical complaint in the United States District Court for the Southern District of New York against Defendant and its CEO. ("Brown Complaint" [Doc. 15-2 Ex. D].) All parties in the Blackmon, Barret, and Brown cases (collectively, the "New York Cases") intend to stipulate to the consolidation of the three cases into one. (Fugazy Decl. ¶ 9.)

On February 5, 2018, Plaintiff Soliman Eid ("Eid") filed the instant case in the Superior Court of California, County of San Diego. (Complaint [Doc. 1-2].) Like the New York Cases, Eid's Complaint also seeks recovery against Defendant for Defendant's alleged failure to pay its dog handlers wages for all hours spent caring for the dogs and full reimbursement for all expenses stemming therefrom. On February 5, 2018, Defendant filed the instant motion to stay this litigation under the "First to File Rule" pending resolution of the New York Cases. (Mot. [Doc. 15].) Plaintiff opposes. (Opp'n [Doc. 16].)

## II. DISCUSSION

The power to stay proceedings stems from the Court's inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is therefore a matter of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The party seeking a stay bears the burden of establishing that the facts and circumstances of the case warrant a stay. *Id.*

Here, Defendant seeks a stay under the First to File Rule. The First to File Rule is intended to promote the efficient use of judicial resources and consistency in rulings. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015) (internal citations omitted.) Thus, a stay is appropriate under the First to File Rule if there is (1) a prior filed complaint in another district court involving substantially the same (2) parties and (3) issues. *Id.*

Plaintiff concedes that the first two factors favor a stay because the Blackmon and Barret cases were filed first, Defendant is named in each case, and the proposed plaintiffs' classes are substantively identical. (Opp'n 5,6.) There is also no dispute as to the fact that there is a near complete overlap on the issue of unpaid wages. (Id.) Rather, the only grounds upon which Plaintiff opposes this motion to stay is that, unlike the instant case, the New York cases do not "seek compensation for unreimbursed expenses on behalf of California [dog handlers]. (Opp'n 5:27–6:2.)

Plaintiff's argument is unpersuasive. It is true that the New York cases do not include any California Labor Code § 2802 or derivative PAGA claims for failure to reimburse expenses. That said, the Barrett case does allege that "[d]uring the course of their employment, plaintiffs incurred significant expense … [from] housing and maintaining the dogs." (Barret Compl. ¶ 76.) For these incurred expenses, Barrett seeks recovery under New York Labor Law § 198-c(2) (providing for employee recovery of unreimbursed expenses from employers). (Barred Compl. ¶ 103.) That the cases seek recovery for the same conduct under different statutes does not preclude a finding of substantial similarity on the issues. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010). Under each statute, the central issue is the same: whether the dog handlers incurred expenses in connection with their employment for which Defendant failed to compensate them.

Because the New York Cases were filed first and involve the same parties and substantially the same issues, the Court finds it proper to exercise its discretion and stay this litigation pursuant to the First to File Rule. This result is certain to conserve scarce judicial resources and ensure consistency in rulings. Further, it is unlikely to cause any prejudice to Plaintiff. In the event the resolution of the New York Cases does not completely resolve Plaintiff's claims, he may then proceed with them in this Court.

//
//
//
//
//
//
//
//
//
//

## CONCLUSION & ORDER

For the foregoing reasons, Defendant's motion to stay pursuant to the First to File Rule is **GRANTED** as follows:

- This case is stayed until further order from the Court.
- The parties shall notify the Court within seven days of the entry of judgment in any of the New York Cases.
- The parties shall submit a joint status report to the Court once every ninety days from the entry of this order.

**IT IS SO ORDERED.**

Dated: April 30, 2018

Hon. M. James Lorenz
United States District Judge